UNITED STATES DISTRICT COURT
For the
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JIGME WANGCHOK, Individually and on Behalf of All Others Similarly Situated, | Civil Action No.: |
| Plaintiffs, vs. | 1:18-cv-1440 |
| JEC NY, INC.; KWAN SUB KIM a/k/a ANDREW KIM, a/k/a KWAN KIM | COMPLAINT |
| Defendants. | JURY TRIAL DEMANDED |

Plaintiffs JIGME WANGCHOK ("Plaintiffs"), by and through

their undersigned attorney, brings this action

individually and on behalf of all other similarly

situated current and former employees of Defendants, JEC

NY, INC.; KWAN SUB KIM a/k/a ANDREW KIM, a/k/a KWAN KIM

(collectively JEC and KIM and/or the "Defendants"),

alleges as follows, on behalf of themselves and on behalf

of all other persons similarly situated:

## NATURE OF THE ACTION

1. Plaintiffs bring this action individually and on behalf of all other similarly situated current and former employees, against Defendants.

2. Plaintiffs are former full-time hourly employees in one of Defendant's construction company who worked in positions subject to the overtime provisions of the Fair Labor Standards Act (FLSA) §§ 201 et seq., New York Labor Law, Article 19, §§ 650 et seq., and the supporting the supporting New York State Department of Labor regulations.

3. Defendants have willfully engaged in a pattern, practice and policy of unlawful conduct by failing to record, credit, or compensate work performed by its hourly employees in the State of New York, including Plaintiffs and members of the prospective Class (hereinafter "Plaintiff Class" or "the Class or the collective members"), for hours in excess of forty (40) per week that Defendants have required and permitted such employees to perform work.

COMPLAINT - 2                                        BHURTEL LAW FIRM PLLC

4. Defendants' pattern, practice and policy of requiring or permitting work without compensation has violated its employees' rights under the FLSA, New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations, because Plaintiffs and the Class have performed work in excess of forty (40) hours per week without overtime wages.

5. Plaintiffs and the Class seek Minimum hourly wage to which entitled by reason of section 6 of the Act, 29 U.S.C. § 206(a)(1) and New York Labor Law § 652

6. Plaintiff and class seek overtime compensation for work in excess of forty (40) hours per week required or permitted by Defendants, and/or other damages as permitted by applicable law, and attorneys' fees and costs.

## THE PARTIES

7. Plaintiffs, and other members of the class, are individuals residing in the City of New York,

BHURTEL LAW FIRM PLLC

surrounding area, who worked for Defendants at their locations.

8. Plaintiff Wangchok resides in the County of Queens and State of New York.

9. Upon information and belief, defendant Kwan Sub KIM ( hereinafter KIM or defendant) was/is the registered Chief Executive Officer and Principal Executive Officer of defendant corporations JEC NY INC.

10. Defendant KIM owned, managed and/or operated business in the City of New York.

11. Defendants JEC NY INC. employed plaintiff all the relevant time periods.

12. Upon information and belief, Defendant JEC NY INC. the corporations incorporated under the laws of the State of New York, with its place of business in the State of New York, engaged in selling of goods (in this compliant referred as JEC OR Defendant).

13. Defendant JEC owns, operates and manages business in the county of Queens and State of New York. (Queen's Location).

COMPLAINT - 4                                    BHURTEL LAW FIRM PLLC

14. At all relevant times, Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of good for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

15. Upon information and belief, at all relevant times, Defendants have had gross revenue in excess of $500,000.00.

16. Upon information and belief, at all relevant times herein, Defendants have used goods and materials produced in interstate commerce, and have employed at least two individuals who handled such goods and materials.

17. Upon information and belief, at all relevant times, KIM and JEC, have constituted an "enterprise" as defined in the FLSA.

18. Defendants constitute "employer" of Plaintiffs and the Class as that term is used in the Fair Labor Standards Act, New York Labor Law, and each of their corresponding regulations.

BHURTEL LAW FIRM PLLC

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337.

20. This court has supplemental jurisdiction over Plaintiffs' and the Class's state law claims pursuant to 28 U.S.C. §1367.

21. In addition, the Court has jurisdiction over the Plaintiffs' and the Class's claims under the FLSA pursuant to 29 U.S.C. §216(b).

22. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants transact business in this District.

## FLSA COLLECTIVE ACTION ALLEGATIONS

23. Plaintiffs bring a collective action for violations of the Fair Labor Standards Act (FLSA) and violations of the New York Labor Law (NYLL).

24. Plaintiff brings this action the FLSA Claims on behalf of him/her and all similarly situated current

COMPLAINT - 6                                          BHURTEL LAW FIRM PLLC

and former worker employed by defendants' business stores owned, operated, and/or controlled by Defendants for a period of three years prior to the filing of this compliant and the date of final judgment in this mater, and who elect to opt-in to this action (the FLSA Collective Members or Class).

25. At all relevant times, Plaintiffs and the FLSA Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay Plaintiffs at the legally required over time wage for all hours worked and one-and-one-half times this rate for work in excess of forty hours per workweek. Plaintiffs' claims stated herein are essentially the same as those of the other FLSA Collective Members.

26. Defendants are aware or should have been aware that federal law required them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of forty per workweek.

27. The FLSA Collective Members are readily ascertainable.

28. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants' records.

29. Defendants violation is willful and/or intentional.

30. The claim is brought on behalf of all regular full-time hourly employees of Defendants who have been or will be employed by Defendants' stores located in the State of New York during the applicable statute of limitations prior to the date of the commencement of this action through the date of final disposition of this action ("the class period"), whom Defendants have required or permitted to perform work in excess of forty (40) hours per week without overtime wages.

31. Common questions of law and fact exist as to Plaintiffs and the FLSA Collective Members that predominate over any questions only affecting them individually and include, but are not limited, the following:

a. Whether Defendants have violated and continue to violate the Fair Labor Standards Act, 29 U.S.C. §§ 200 et seq., and the supporting United States Department of Labor regulations, as alleged herein;

b. Whether Defendants have violated and continue to violate New York Labor Law §§ 190 et seq., and 650 et seq., and the supporting New York State Department of Labor Regulations, as alleged herein;

c. Whether Defendants have failed to compensate Plaintiffs and the FLSA Collective members for work performed in excess of forty (40) hours per workweek with overtime wages;

d. Whether Defendants have engaged in a pattern, practice or policy of encouraging Plaintiffs and FLSA Collective members not to report all time worked;

BHURTEL LAW FIRM PLLC

e. Whether Defendants have engaged in a pattern, practice or policy of deleting hours actually worked by Plaintiffs and FLSA Collective members from records of their compensable time;

f. Whether Defendants have failed to keep true and accurate time records for all hours worked by Plaintiffs and the FLSA Collective members;

g. The nature and extent of class-wide injury and the appropriate measure of damages for the FLSA Collective members.

32. The claims of the Plaintiffs are typical of the claims of the FLSA Collective members he seeks to represent.

33. Both the Plaintiffs and the FLSA Collective members work or have worked for Defendants as full-time hourly employees in its stores in New York State.

34. Plaintiffs and the Class were not paid the statutorily mandated overtime rate of one and one-half times the regular rate for each hour worked in excess of forty (40) in a given work week.

35. As a result, Plaintiffs and the FLSA Collective members have not been credited or compensated for work in excess of forty (40) hours per week that they have performed for the benefit of Defendants.

36. Plaintiff and the FLSA Collective members have suffered damages, including lost overtime compensation, resulting from Defendants' wrongful conduct.

37. Plaintiffs will fairly and adequately represent and protect the interests of the members of the FLSA Collective members. Plaintiffs has retained counsel competent and experienced in complex labor and employment litigation.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

38. All the work performed by Plaintiffs and the FLSA Collective members were assigned by defendants' managers and supervisors.

39. Plaintiffs and the Class were suffered and/or permitted by Defendants to work in excess of forty (40)

hours per week without the rate of compensation reflective of the statutorily mandated overtime rate of one and one-half times the regular rate.

**Failure to Properly Record Hours Worked and Earnings**

40. On each workday, Defendants have scheduled Plaintiffs and the FLSA Collective members to work in shifts that begin and end at particular times.

41. Defendants did not provide Plaintiffs and the FLSA Collective members payroll check providing earnings, deductions and reimbursements, and miscellaneous information.

42. Plaintiffs and the FLSA Collective members have not been properly compensated for, work in excess of forty (40) hours per week performed for the benefit of the Defendants.

**Widespread, Consistent and Willful Nature of Violations**

43. Defendants' unlawful conduct has been widespread, repeated and consistent.

44. Defendants' managers and supervisors have known the Defendants' employees, including Plaintiffs and the

FLSA Collective members, perform work in excess of forty (40) hours per week.

45. Managers and supervisors observe the employees and often direct them in performing improperly compensated overtime work for the benefit of Defendants.

46. Defendants have known that their supervisory and management personnel permitted or required Plaintiffs and the FLSA Collective members to perform work for the benefit of Defendant.

47. As part of Defendants' regular business practice, Defendants failed to compensate Plaintiffs and the FLSA Collective members for the hours worked in excess of forty (40) hours per week at the statutorily mandated overtime rate of one and one-half times the regular rate for each hour over forty (40) per week.

## INDIVIDUAL REPRESENTATIVE PLAINTIFFS ALLEGATIONS

48. Representative Plaintiff Wangchok is a resident of the City of New York, in the County of Queens, in the State of New York.

BHURTEL LAW FIRM PLLC

49. Plaintiff Wangchok was employed by defendants from approximately February 2017 until September 1st, 2016.

50. Plaintiff Wangchok worked as an hourly employee for the defendant's subject location.

51. Plaintiff Wangchok was a full-time employee regularly scheduled to work for the Defendants.

52. Plaintiff Wangchok was regularly scheduled to work over forty (40) hours per week.

53. Defendants did not provide a payroll checks or paid in check.

54. Defendants did not provide a payroll checks providing earnings, deductions and reimbursements, other information pursuant state and Federal Law.

55. Defendants JEC agreed to pay $ 100 per day when plaintiff worked for 10 hours a day.

56. Plaintiff worked regularly six days each work week all the relevant time.

57. Plaintiff Wangchok worked 60 (sixty hours) hours per week for each working week all the relevant time when worked for JEC.

COMPLAINT - 14                                    BHURTEL LAW FIRM PLLC

58. Defendants failed to pay plaintiff Wangchok approximately more than in the amount of 19886.13 (nineteen thousands, eight hundred and eighty six) and plus, further interest, attorney fees, litigation cost and other damages.

## FIRST CAUSE OF ACTION – FAIR LABOR STANDARDS ACT

## OVERTIME COMPENSATION

59. Plaintiffs, on behalf of themselves and the FLSA Collective members, repeat, re-allege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

60. At all relevant times, defendants employed Plaintiffs and the FLSA Collective members within the meaning of the FLSA.

61. At all relevant times, defendants had a policy, practice and procedure of refusing to pay the statutorily mandated overtime compensation to their employees for hours worked in excess of forty (40) hours per work week.

BHURTEL LAW FIRM PLLC

62. As a result of defendants' failure to compensate their employees, including Plaintiffs and the FLSA Collective members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

63. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §§ 255(a).

64. Due to defendants' FLSA violations, Plaintiffs and the Class are entitled to recover from defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION – NEW YORK LABOR LAW OVERTIME COMPENSATION

BHURTEL LAW FIRM PLLC

65. Plaintiffs, on behalf of themselves and the Class, repeat, re-allege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

66. At all relevant times, Plaintiffs and the Class were employed by the defendants within the meaning of the New York Labor Law, §§ 2, 190, and 651.

67. Defendants willfully violated Plaintiffs' and the Class's rights by failing to pay full overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 160, 190 et seq., and 650 et seq., and its supporting regulations in 12 N.Y.C.R.R. § 142-2.2.

68. Defendant's failure to pay overtime was willful and lacked a good faith basis, within the meaning of the New York Labor Law §§ 198, 663 and supporting regulations.

69. Due to defendants' New York Labor Law Violations, Plaintiffs and the Class are entitled to recover from defendants, their unpaid overtime compensation, liquidated damages equal to one hundred percent of the total amount of the wages found to be due, prejudgment interest, all reasonable attorney's fees and costs, and disbursements of the action, pursuant to New York Labor Law §§ 198 and 663.

## THIRD CAUSE OF ACTION – NEW YORK LABOR LAW WAGE THEFT PREVENTION ACT

70. Plaintiffs, on behalf of themselves and the Class, repeat, re-allege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

71. Defendants willfully violated Plaintiffs' and the Class's rights by failing to provide them with the wage notices required by the Wage Theft Prevention Act when Plaintiffs and the Class were hired, or at any time thereafter.

COMPLAINT - 18                                        BHURTEL LAW FIRM PLLC

72. Defendants willfully violated Plaintiffs' and the Class's rights by failing to provide them with proper notice as required by New York Labor Law § 195 at any time during their employment.

73. New York Labor Law § 195(1) provides, inter alia, that every employer shall furnish a notice containing the rate or rates of pay, the regular pay day, name of employer and employer's contact information as well as any such other information as deemed material and necessary by the commissioner of labor of the state of New York.

74. Defendants willfully violated Plaintiffs' and the Class's rights by failing to provide them with accurate weekly wage statements as required by New York Labor Law § 195 at any time during their employment.

75. New York Labor Law § 195(3) provides, inter alia, that every employer shall furnish each employee with every payment of wages, with a statement, listing gross wages, deductions and net wages, the regularly hourly rate of pay, as well as the overtime rate of pay, and

BHURTEL LAW FIRM PLLC

upon the request of an employee furnish an explanation of how such wages were computed.

76. Due to defendants' violations of the New York Labor Law, Plaintiffs and the Class are entitled to recover from defendants statutory damages of $50.00 for each work day, up to $5,000.00 total, defendants' failed to provide a notice as required by New York Labor Law §195(1), together with costs and reasonable attorney's fees.

77. Due to defendants' violations of the New York Labor Law, Plaintiffs and the Class are entitled to recover from defendants statutory damages of $250.00 for each work day, up to $5,000.00, defendants failed to provide accurate weekly wage statements as required by New York Labor Law 195(3), together with costs and reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and all members of the proposed Class pray for relief as follows:

1.  Certification of this case as a collective action pursuant to the Fair Labor Standards Act.

2.  Designation of Representative Plaintiffs Wangchok as representative of the Class, and their counsel of record as Class Counsel;

3.  Award Plaintiffs Wangchok more than in the amount of approximately 19886.13 (nineteen thousands, eight hundred and eighty six) and plus, further interest, reasonable attorney fees, litigation cost and other damages.

4.  Award Plaintiffs and the Class their unpaid minimum wages and overtime wages due under the Fair Labor Standards Act and New York Labor Law in an amount that cannot be currently calculated with specificity;

5.  Award Plaintiffs and the Class the liquid damages and statutorily mandated penalties under the Fair Labor Standards Act and New York Labor Law as stated above;

BHURTEL LAW FIRM PLLC

6. Award Plaintiffs and the Class the costs of this action incurred herein, including reasonable attorneys' fees and expert fees;

7. Award Plaintiffs and the Class Pre-Judgment and Post-Judgment interest, as provided by law;

8. Permanently enjoin Defendants from continuing to engage in the aforementioned unlawful activity

9. Grant such other and further legal relief as this Court deems necessary, just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiffs and the Class demand a trial by jury on all issues so triable

Dated: Jackson Heights, New York
March 8th, 2018

BHURTEL LAW FIRM PLLC

Durga P. Bhurtel, Esq.
Attorney for Plaintiff,

COMPLAINT - 22                                    BHURTEL LAW FIRM PLLC

JIGME WANGCHOK, Individually and on Behalf of All Others Similarly Situated
37-49 75th Street, 2nd Floor
Jackson Heights, New York 11372
Tel: (718) 509-6181
Fax: (917) 396-4622
Email: deb@attorneybhurtel.com

## CONSENT TO SUE

By my signature below, I hereby declare and authorize the filing
and prosecution of claims in my name and on my behalf to contest
Randhawa Fashion Inc., its owners and affiliates to pay me, *inter
alia*, minimum wage and overtime wages as required under state
and/or Federal law, and also authorize the filing of this consent
in the lawsuit challenging such conduct, and consent to being named
as the representative plaintiff in this action to make decisions
on behalf of all other plaintiffs concerning this lawsuit.  I have
been provided with a copy of a retainer agreement with the Bhurtel
Law Firm PLLC, and I agree to be bound by its terms.

Dated: Jackson Heights New York
March 8th 2018


_____
Jigme Wangchok

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK          Civil Action No:
================================================================

JIGME WANGCHOK, Individually and on Behalf of All
Others Similarly Situated,

                                                    Plaintiffs,


                        V.

JEC NY, INC.; KWAN SUB KIM a/k/a ANDREW KIM, a/k/a KWAN
KIM



                              Defendants.
                    _____

================================================================

# COMPLAINT

================================================================


**Bhurtel Law Firm PLLC**
*Attorney for Plaintiff(s)*


*Office and Post office Address, Telephone*


**3749 75th Street 2nd Floor**
**Jackson Heights, NY 11372**
**Phone # 718-509-6181**



================================================================
Service of a copy of the within is hereby admitted by Attorney for the defendant on Dated,
by

                    ..............................................
                    *Attorney(s) for defendants BY:*